No. 23-1535

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

L.M., a minor by and through his father and stepmother and natural guardians, Christopher and Susan Morrison,

*Plaintiff-Appellant,*

v.

TOWN OF MIDDLEBOROUGH, MASSACHUSETTS; MIDDLEBOROUGH SCHOOL COMMITTEE; CAROLYN J. LYONS, Superintendent, Middleborough Public Schools, in her official capacity; HEATHER TUCKER, Acting Principal, Nichols Middle School, in her official capacity,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Massachusetts, Eastern Division
Case No. 1:23-cv-11111-IT

## JOINT MOTION FOR STAY OF BRIEFING SCHEDULE AND CONSOLIDATION WITH APPEAL OF THE DISTRICT COURT'S FINAL JUDGMENT

GREGG J. CORBO
DEBORAH I. ECKER
KP LAW PC
101 Arch St., 12th Fl.
Boston, MA 02210
(617) 556-0007

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235

DAVID A. CORTMAN
RORY T. GRAY
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd.
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774

<div style="columns:2">

KAY H. HODGE
JOHN M. SIMON
GARRETT A.D. GEE
STONEMAN CHANDLER & MILLER
99 High St., Ste. 1601
Boston, MA 02110
(617) 542-6789

*Attorneys for Appellees*

TYSON C. LANGHOFER
P. LOGAN SPENA
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655

Andrew D. Beckwith
MASSACHUSETTS FAMILY INSTITUTE
401 Edgewater Pl.
Ste. 580
Wakefield, MA 01880
(781) 569-0400

*Attorneys for Appellant*

</div>

Pursuant to Federal Rule of Appellate Procedure 27, Appellant L.M. and Appellees Town of Middleborough, Massachusetts; Middleborough School Committee; Carolyn J. Lyons, Superintendent, Middleborough Public Schools, in her official capacity; and Heather Tucker, Acting Principal, Nichols Middle School, in her official capacity, file this joint motion to stay the briefing schedule in this interlocutory appeal, consolidate this appeal with L.M.'s impending appeal of the district court's final judgment, and issue a new briefing schedule.

## PROCEDURAL HISTORY

In May 2023, L.M. filed suit in the U.S. District Court for the District of Massachusetts, alleging violations of his First and Fourteenth Amendment rights. Docs. 2, 11. Shortly thereafter, L.M. filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Docs, 5, 12.

The district court denied L.M.'s request for a temporary restraining order on June 1, 2023, Doc. 38, and L.M.'s request for a preliminary injunction on June 16, 2023, Doc. 51.

On June 23, 2023, L.M. filed a notice of interlocutory appeal of the district court's preliminary-injunction ruling. Doc. 53. That appeal is pending before this Court as case number 23-1535. On July 6, 2023, this Court entered a briefing order requiring L.M. to file his Appellant's Brief in the preliminary-injunction appeal by August 15, 2023.

Meanwhile, in the district court, the parties filed a joint motion requesting a stay of proceedings pending the resolution of this appeal. Doc. 57. The district court set a hearing on that motion and instructed the parties "to address proceeding on an expedited schedule to allow for a trial on the merits in August 2023 as an alternative to a stay." Doc. 58. On July 12, 2023, the district court denied the joint motion to stay without prejudice and instead granted the parties an opportunity to file a motion to enter final judgment based on the record established during the preliminary injunction proceedings. Doc. 60.

On July 18, 2023, the parties filed a joint motion for judgment as a matter of law based on the district court's preliminary injunction ruling. Doc. 61. The joint motion asked the district court to "convert its June 16 ruling [Doc. No. 51] into a final judgment without prejudice to any appeal by the Plaintiff." Doc. 61 at 2. On July 17, 2023, the district court granted the joint motion, Doc. 62, and entered final judgment in Defendants' favor, Doc. 63.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), L.M. has until August 18, 2023, to file a notice of appeal of the district court's final judgment. L.M. will file a notice of appeal well in advance of that deadline.

## ARGUMENT

This Court has inherent authority "to manage [its] docket[ ] . . . with a view toward the efficient and expedient resolution of cases." *In re Pet. for Order Directing Release of Records*, 27 F.4th 84, 89 (1st Cir. 2022) (cleaned up). In this case, the parties agree that the most efficient resolution—both for the parties and the Court—is to stay the briefing schedule in this appeal, consolidate this appeal with L.M.'s impending appeal of the district court's final judgment, and issue a new briefing schedule to avoid the duplication of two separately briefed appeals covering the exact same subject matter.

First, in light of the district court's final judgment, this Court should stay the current briefing schedule in L.M.'s preliminary-injunction appeal, which establishes an August 15, 2023, deadline for the Appellant's Brief. Judicial economy favors the parties briefing—and this Court deciding—both appeals together.

Second, the Court should consolidate L.M.'s preliminary-injunction appeal with his impending appeal of the district court's final judgment. Federal Circuits often grant requests to consolidate preliminary-injunction appeals with appeals from final judgments. *E.g.*, *Harris v. City of Houston*, 151 F.3d 186, 188 (5th Cir. 1998); *Phoenix Eng'g, Inc. v. MK-Ferguson of Oak Ridge Co.*, 966 F.2d 1513, 1516 (6th Cir. 1992); *Cmty. Maritime Park Assocs. v. Maritime Park Dev. Partners*, 606 F. App'x 482, 485 (11th Cir. 2015) (per curiam).

3

Here, consolidation is especially fitting because the two appeals are not just similar but identical. The parties agreed below "that judgment as a matter of law is appropriate based on the factual record *established through the preliminary injunction proceedings*." Doc. 63 at 1 (emphasis added). Accordingly, the district court entered final judgment for Defendants "[f]or the reasons set forth in the court's Memorandum and Order [Doc. No. 51] denying a preliminary injunction," "without prejudice to Plaintiff's appeal of legal issues." *Id.* There were no additions to the record, and no additional district court reasoning or analysis of the issues presented.

The district court effectively combined its "hearing on a motion for a preliminary injunction" with a hearing "on the merits" at a later date. Fed. R. Civ P. 65(a)(2); *accord Boston Celtics Ltd. P'ship v. Shaw*, 908 F.2d 1041, 1050 (1st Cir. 1990). This Court regularly considers appeals from such rulings. *E.g.*, *Aponte v. Calderon*, 284 F.3d 184 (1st Cir. 2002); *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633 (1st Cir. 1992). Consolidating L.M.'s preliminary-injunction and final-judgment appeals would be much the same.

Last, once L.M.'s notice of appeal is filed and the two appeals are consolidated, this Court should enter a new briefing schedule. The parties only recently finalized the end of litigation in the district court. Once the procedural issues on appeal are resolved, they will require additional time to fully consider and brief the merits.

4

## CONCLUSION

For these reasons, the parties jointly request that this Court stay the briefing schedule in this appeal, consolidate this appeal with L.M.'s impending appeal of the district court's final judgment, and issue a new briefing schedule.

Dated: July 27, 2023

Respectfully submitted,

*s/ Gregg J. Corbo*
Gregg J. Corbo
Deborah I. Ecker
KP LAW PC
101 Arch St., 12th Fl.
Boston, MA 02210
(617) 556-0007
gcorbo@k-plaw.com
decker@k-plaw.com

Kay H. Hodge
John M. Simon
Garrett A.D. Gee
STONEMAN CHANDLER &
MILLER LLP
99 High St., Ste. 1601
Boston, MA 02110
(617) 542-6789
khodge@scmllp.com
jsimon@scmllp.com
ggee@scmllp.com

*Attorneys for Appellees*

*s/John J. Bursch*
John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

David A. Cortman
Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd.
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
dcortman@ADFlegal.org
rgray@ADFlegal.org

Tyson C. Langhofer
P. Logan Spena
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
tlanghofer@ADFlegal.org
lspena@ADFlegal.org

5

Andrew D. Beckwith
MASSACHUSETTS FAMILY INSTITUTE
401 Edgewater Pl., Ste. 580
Wakefield, MA 01880
(781) 569-040
andrew@mafamily.org

*Attorneys for Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 938 words.

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: July 27, 2023

                               *s/John J. Bursch*
                               John J. Bursch

                               *Attorney for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<div style="text-align: right;">

*s/John J. Bursch*
John J. Bursch

*Attorney for Appellant*

</div>